**In re Petition for DISCIPLINARY ACTION AGAINST James N. BRADFORD, an Attorney at Law of the State of Minnesota.**

No. C8–89–1053.

Supreme Court of Minnesota.

Sept. 21, 1989.

### ORDER

The Director of Lawyers Professional Responsibility filed with this court a petition alleging that the Respondent James N. Bradford had engaged in conduct meriting public discipline. In due course the Respondent interposed an answer. The matter was then referred to a referee of this court for hearing. Immediately preceding

the hearing, the Respondent and the Director entered into a stipulation for disciplinary action. The stipulation was dictated in the record before the referee who made his recommendation that this court approve the stipulation.

In the stipulation, the Respondent admitted allegations in the petition that he had failed to cooperate with the Ramsey County District Ethics Committee investigator and the Director's office with respect to a complaint filed by J.L.O. The petition also contained allegations respecting dilatory conduct and excessive fees in connection with the probate of an estate. The latter allegation was not admitted by the Respondent nor pursued by the Director because the parties deemed that matter should be resolved by the probate court in which the estate was pending.

The court having considered the petition, the answer, the stipulation, and the recommendation of the referee NOW ORDERS:

1. That the Respondent James N. Bradford is hereby publicly reprimanded and hereafter placed upon two years supervised probation pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. The terms of the probation are:

(a) The Respondent shall cooperate fully in the investigation of any future complaints or any further allegations of unprofessional conduct.

(b) During the terms of the probation, the Respondent shall at all times cooperate with the supervisor and the Office of the Director of Professional Responsibility in monitoring compliance with the probation.

(c) Respondent shall report at least quarterly to the supervisor and, in the event he is retained to handle probate matters, he shall notify the supervisor and keep the supervisor advised of his progress in completing probate files.

(d) Respondent shall forthwith initiate and continue to maintain office procedures to ensure prompt response to letters, telephone calls and other important communications from clients, courts and other persons interested in matters Respondent is handling.

(e) Respondent shall cooperate with the substitute personal representative of the Chiles estate in closing the estate as promptly as possible.

3. Respondent shall forthwith pay to the Office of the Director $750 in costs.